UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LOIS OQUIN** | § § § | |
| **VS** | § § | **C.A. Number** _____ |
| **T EXAS WOMAN'S UNIVERSITY** | § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, Dr. LOIS O'QUIN**, hereinafter called ("Plaintiff" or "Oquin"), complaining of and about TEXAS WOMAN'S UNIVERSITY hereinafter called ("Defendant" or "TWU"), and for cause of action shows unto the Court the following:

**I. PARTIES AND SERVICE:**

1. Plaintiff, Dr. Lois Oquin, is a citizen of the United States, the State of Texas and resides in Denton Dallas County, Texas, by and through attorney of record Mellannise Henderson Love, 100 Crescent Court, Suite 700, Dallas Texas 75201.

(i)     2. Defendant, Texas Woman's University is an entity located at Texas Woman's University has a principle office in Dallas Texas, can be served with process by and through their

registered agent at Katherine Antwi Green General Counsel, Secretary, P. O. Box 425497 | Denton, TX 76204

## II. JURISDICTION:

3. This court has jurisdiction over Plaintiff's claims, jurisdiction conferred on the court pursuant to Sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794, which prohibits discrimination against persons with disabilities by programs receiving federal assistance, and Retaliation. Jurisdiction is also invoked pursuant to the state law cause of action of Breach of Contract that the actions complained of herein arose in whole or part in Dallas, County Texas. Dr. Oquin initiates this action herein, seeking economic and equitable relief for the unlawful discrimination she sustained by TWU.

4. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operate its college in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## III. **FACTUAL ALLEGATIONS AND PERTINENT FACTS:**

5. Dr. Oquin brings this action pursuant to The Rehabilitation Act, which expressly prohibits discrimination in employment on the basis of disability. See 29 U.S.C. §§ 791, 2 et seq.; 42 U.S.C. §§ 12101, et seq.

6. Under the Rehabilitation Act, a University such as TWU cannot deny qualified individuals employment opportunities or benefits or discriminate against them because they have disabilities.

7. Dr. Lois Oquin, was an employee for Texas Woman's University for 18 years, she never had any infractions to university policies and held an impeccable record of work.

8. Dr. Oquin's employment track with TWU was incredibly noteworthy, she started as a professor in 2001; initially, she worked in the capacity as a part-time contractual professor by teaching Ethics courses in the Doctor of Nursing Practice Program ( DNP), in 2013, she was asked to serve as the Interim Director of DNP.

9. In 2015, Dr. Oquin was promoted to Director of Nursing Plaintiff was responsible for teaching hybrid courses in the DNP program and for supervising all courses. Specifically, she supervised courses in Ethics, Nursing Philosophy, Nursing Politics, Health Measurement Health Management, DNP Clinical Project I and II. Plaintiff contends that all was in her role as DNP, until her questionable demotion from that position. These facts gave rise to the demotion and ultimately her unlawful termination in May of 2020 which serves as the basis for this lawsuit.

10. When Dr. Oquin was informed that she could no longer serve in the role of the DNP position. She was told that she would be moved into a lateral position and someone else would assume her position. Dr. O'quin was replaced by a white female from Alabama, who was recruited by Dr. Hufft (the former Dean) and reportedly a friend of Dr. Hufft. Important to add, Plaintiff was required to orient and train her replacement.

11. After two years of mentoring her replacement in the DNP program, her successor took over the DNP program in January 2019.

12. For the fall 2019 semester, Plaintiff's workload was decreased. She was given only 2 theory

classes and 1 assessment class (Grad level) to teach online from her home. This new teaching schedule required Plaintiff to have minimal contact on TWU's campus. Notwithstanding the reduced teaching assignment, in November 2019, Plaintiff's teaching contract was renewed for the 2019-2020 academic year.

13. In the fall of 2019, Plaintiff started having health issues, specifically Plaintiff (developed high blood pressure and had sleep apnea which caused plaintiff to fall asleep in class without the ability to remain awake at times. She was required to sleep under a C-PAP machine at night to promote better waking ability during the day. At the recommendation of her physician, Plaintiff requested to teach courses online as she had previously done before being moved . She requested workplace accommodation to change her workplace and that request was unlawfully denied. Once TWU became aware of Plaintiff's health challenges, and her request for accommodation, there was a progression of conflicts with the course manager, then an escalation of false statements told to the new Associate Dean about Plaintiff's performance.

14. In January 2020, Plaintiff continued to have a myriad of false claims launched against her regarding her work performance. Specifically, Plaintiff was wrongly accused of lack of professional ethics for faculty, failure to score student's assignments in a timely manner, failure to respond to Course Manager meetings and e-mails that Plaintiff was not told about as Plaintiff was not required to teach that course on those days due to other assigned course. c All e-mails were acknowledged and returned as they were received. Plaintiff complained that she was being retaliated against, harassed and that minor incidents were being blown out of proportion.

15. On February 12, 2020, Dr. Oquin met with Ms. Cyndee Tanttari, Sr. HR Generalist. The interview included Dr. Oquin's statement of concerns about her work environment within the College of Nursing. In a meeting on February 3, 2020, Dr. Oquin reported that she received a corrective action letter entitled "Final Warning" delivered by Associate Dean. Dr. Hawkins, with another faculty member present, Ms. Kristine Morris. Dr. Oquin reported to Ms. Tanttari that she felt she had been subjected to discrimination because of her race and age, and disability. On February 18, 2020, Mr. Tony Yardley, Director of Employee Relations, HR Compliance & Equity, sent a Notice of Investigation to Dr. Oquin and each respondent, Drs. Mainous and Hawkins.

16. In the Spring 2020, in an ongoing act of retaliation, again Dr Oquin's workload was attacked. TWU would not tell her why she was unable to teach in the doctoral program DNP anymore; Plaintiff was only granted two Labs to teach. Plaintiff contends that she was being discriminated against because of her disability and in retaliation for opposing TWU's workplace practices.

17. On June 23, 2020, TWU responded that there is insufficient evidence to substantiate Dr. Oquin's allegations that Dr. Mainous and Dr. Hawkins engaged in discrimination. Contemporaneous with this finding was the elimination of Dr. Oquin's teaching contract; after eighteen years of employment, her contract was not renewed.

18. In another instance of discrimination, TWU rescinded Plaintiff's summer 2020 teaching assignment, terminated her employment and denied her merit pay. Plaintiff was retaliated against after she complained about being denied a reasonable accommodation to which she

was entitled under the Rehabilitation Act. Avoid driving to different schools due to sleep apnea; request to teach online as in previous 7 years.

19. Plaintiff alleges that due to her disabilities, TWU subjected her to harassment, unwarranted discipline, discrimination, and retaliation, which their arbitrary actions led to Plaintiff's unlawful termination. She was never unethical, as she was always professional and had never been asked to improve any behaviors yet was issued a final notice.

20. Based upon the acts of discrimination above, Plaintiff has sustained damages for which she now sues.

## IV.
## VIOLATION OF THE REHIBILITATION ACT:

21. Plaintiff incorporates by reference paragraphs 1-20 as is fully set forth herein.

22. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that: No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency.

23. Because Plaintiff's disability substantially limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the Rehabilitation Act. 24. Plaintiff was fully qualified to teach in the DNP and was able to perform all the essential functions of the position which would have allowed her to remain in an online position which would have satisfied the requested accommodation.

24. Plaintiff alleges that TWU discriminated and retaliated against her in violation of The Rehabilitation Act, and that she was maligned within the terms and conditions, and privileges of employment, which culminated into her termination.

25. As a result of the Defendant's actions, Dr. Oquin has suffered and will continue to suffer harm.

26. Based upon the aforementioned facts of age discrimination, Plaintiff has sustained damages for which she now sues.

## V. BREACH OF CONTRACT BY TWU:

27. Dr. O'quin incorporates by reference paragraphs 1-26 as is fully set forth herein.

28. Plaintiff alleges that TWU breached the terms and conditions of her employment contract. The timing of TWU's rescinding Plaintiff's contract was outside of their own stated policies

29. Based upon the aforementioned facts of Breach of Contract, Plaintiff has sustained damages for which she now sues.

## VI. DEFENDANT'S FAILURE TO ACCOMMODATE

30. Plaintiff incorporates by reference paragraphs 1-29 as is fully set forth herein.

31. Section 501 of the Rehabilitation Act of 1973, as amended, section 501, requires a reasonable accommodation for individuals with disabilities, Reasonable accommodation removes workplace barriers for individuals with disabilities. Dr Oquin alleges a *prima facie* case for

failure to accommodate under the Rehabilitation Act and she can show that at the time (1) she had a disability and or a perceived disability ; (2) she was qualified for the job in question and capable of performing it with reasonable accommodation; (3) TWU had notice of her disability; and (4) TWU failed to reasonably accommodate her disability.

32. Based upon the aforementioned facts of failure to accommodate, Dr Oquin has sustained damages for which she now sues.

## VII. RETALIATION BY TWU :

33. Plaintiff incorporates by reference paragraphs 1-32 as is fully set forth herein.

34. Plaintiff maintains that she was retaliated against after she complained about being improperly denied a requested reasonable accommodation.

35. Plaintiff hereby alleges that the Defendant instituted a campaign of retaliation, which included Plaintiff's termination for opposing and complaining of unlawful discriminatory employment practices; and that Defendants discriminated against her for engaging in protected activity. Thereafter, Plaintiff experienced an adverse employment action when he was terminated, and a clear causal link existed between the protected activity and the adverse employment action.

36. Because of the Defendant's actions, Plaintiff has suffered damages for which she sues.

### a. **DAMAGES:**

a. Plaintiff sustained the following damages resulting from the actions and/or omissions of Defendant described hereinabove: All relief to which the Plaintiff is entitled. a. All reasonable and necessary Attorneys' fees incurred by or on

   behalf of Plaintiff.

b. Compensate Plaintiff as the Court deems equitable and just.

c. All reasonable and necessary costs incurred in pursuit of this

   suit;

d. Emotional pain;

e. Expert fees as the Court deems appropriate;

f. Cost in amount the Court deems equitable and just to make Plaintiff whole;

 h. Inconvenience;

i. Interest;

j. Loss of enjoyment of life;

 k. Mental anguish in the past;

 l. Mental anguish in the future;

 m. Loss of earnings in the past;

 n. Loss of earning capacity which will, in all probability, be incurred in the future; and  o. Loss of benefits.

## EXEMPLARY DAMAGES:

38. Plaintiff incorporates by reference paragraphs 1-37 as is fully set forth herein

39. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future Plaintiff seeks exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dr. Lois Oquin

requests the Defendants to be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Texas Woman's University for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which she may be entitled at law or in equity.

Respectfully submitted,

**THE LAW OFFICE OF MELLANNISE HENDERSON-LOVE, PLLC**

By:  _/s/Mellannise Henderson-Love_
**Mellannise Henderson-Love, PLLC**
Texas Bar No. 00796741

100 Crescent Court, Suite 700
Dallas, Texas 75201
Tel. (214)638-8777
Fax. (214)602-7699
Email: Mlove@lovelawtx.com

Attorney for Plaintiff, ***Dr. Lois Oquin***

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY